ROSENSTOCK v. METZGER et al.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. WILLS (§ 324*)—SUIT TO REVOKE PROBATE—GROUNDS—EVIDENCE.

Where, in a suit to revoke the probate of a will on the grounds of want of due execution of the will, of testamentary incapacity, and of fraud, the testimony of the attesting witnesses to the due execution of the will was not contradicted, the court must withdraw from the jury any question of the due execution of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 767-770; Dec. Dig. § 324.*]

2. WILLS (§ 324*)—SUIT TO REVOKE PROBATE—GROUNDS—EVIDENCE.

Where, in a suit to revoke the probate of a will on three grounds, there was no evidence raising an issue on one ground, the submission to the jury of a question involving consideration of all three grounds was prejudicial, because it subjected defendant to an undue burden.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 767-770; Dec. Dig. § 324.*]

Appeal from Trial Term, New York County.

Action by Eva Rosenstock against Joseph Metzger, individually and as sole executor of Helen Metzger, deceased, and others. From an order granting a new trial after verdict in favor of plaintiff, she appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

L. F. Fish, for appellant.
Alexander Feiffer, for respondents.

DOWLING, J. Helen Metzger died on December 29, 1907, leaving a last will and testament which was admitted to probate by the surrogate of New York county on December 11, 1908. Thereafter the present action was begun, under section 2653a of the Code of Civil Procedure, to revoke such probate upon three grounds: That the will was never executed by testatrix in conformity with the re-

quirement of law; that at the time of the alleged signing thereof the testatrix was of unsound mind and incapable of making a testamentary disposition of her property; and that the execution thereof, if the same was ever executed by testatrix, was secured by the fraud and undue influence of the defendant Joseph Metzger and others, whereby the intent and purpose of the said testatrix in making a testamentary disposition of her property was overcome and destroyed, and the desires and purposes of the defendants Joseph Metzger and others substituted therefor.

Upon the trial, evidence was introduced upon the second and third of these issues thus tendered; but there was no evidence whatever to substantiate the first allegation of an absence of execution of the will by testatrix. At the close of the plaintiff's case, a motion was made to dismiss the complaint on specified grounds, and the defendants moved as well to withdraw from the jury any question as to the due attestation and execution of the will, upon the ground that there was no evidence upon that point. The plaintiff's counsel admitted that he had not offered any testimony in support of that particular contention, but announced that he expected to be able to prove it by the examination of the defendants' witnesses, and upon that statement the motion was denied, and the defendants were put upon their proof. The witnesses to the will were examined on behalf of the defendants and satisfactorily established the due execution of the will.

One Fanny Lichtenstein, called as a witness for the defendants, was cross-examined as to the occurrences which she witnessed in the home of the decedent on the day of the execution of the will, and in answer to a question she testified that she had not seen Pincus, one of the subscribing witnesses to the will, in decedent's apartments on that day; that there was no one in the room with decedent except Arnstein, the other subscribing witness; and that she had not seen Pincus in the room with them at any time. But it appeared, further, from her examination, that she had accompanied testatrix into the music room of the house before Arnstein arrived, and that she then went into the kitchen, and remained there quite a while. It does not appear that she ever returned to the music room, or any other room, while the parties were there. This is in no way contradictory of the testimony given by the witness Arnstein, who had drawn the will, and who testified that, after he had read it to decedent and she had told him the will was satisfactory, he went into another room and there found the witness Pincus, who then came with him into the room occupied by the testatrix, whereupon she executed the will. The witness Pincus corroborates the testimony of Arnstein as to what occurred at the time the will was executed, also as to his entering the room and acting as witness in response to the request from Arnstein. They both swear that the will was executed in the room occupied by testatrix as a bedroom, and there is no testimony as to the relative position of the bedroom and the music room; nor is there any proof that the witness Lichtenstein went into the other rooms upon the same floor, nor does she undertake to testify who occupied the other rooms.

It is clear that upon this proof, there being no other testimony in the case as to the ·due execution of the will, no issue was presented for the jury upon this point, and when, at the close of the entire case, defendants' counsel moved.the court to withdraw from the jury any question as to the ·due attestation and execution of the paper, that motion should have been granted.. There was but one question submitted to the jury, "Is or is not the writing produced the last will of Helena Metzger?" and that, of course, involved the consideration of all three of the issues raised by plaintiff.

The learned court charged the jury very fully and very fairly upon the issues involved, and, among other matters, charged them at length upon the issue of the due execution of the will; and, while he expressed the opinion that the jury would not have very much trouble with that question, still it was one of the three issues, upon any one. of which the jury, under the charge, might predicate a verdict for plaintiff. It is clear that defendants were prejudiced and subjected to an undue burden when the three issues were submitted to the jury, any one of which, if the finding was adverse to them, would justify a verdict for plaintiff, while there were actually but two issues which they were called upon to meet.

It is impossible now to tell whether the jury found for the plaintiff upon one or all of these issues, in the absence of the special verdict. It has been held by this court in Buchanan v. Belsey, 65 App. Div. 58, 72 N. Y. Supp. 601, that in the absence of a special verdict, where three issues are submitted to the jury, as to one of which a verdict for plaintiff is against the weight of evidence, a judgment for plaintiff must be reversed.

In this case, therefore, the order granting the motion to set aside the verdict and for a new trial must be affirmed, with costs to the respondents Metzger. All concur.