■ In the Matter of the Estate of A. HARRISON REYNOLDS, Deceased. GEORGE MALTBY et al., Appellants-Respondents; DE ETTE S. JOHNSON et al., Respondents-Appellants.— Order unanimously modified in accordance with Memorandum and, as modified, affirmed, without costs. Memorandum: Since the Surrogate has seen fit to state tentative framed issues, which the Justice presiding at the jury trial of this will contest may or may not deem appropriate for submission to the jury depending on the proof adduced at the trial, we would add to the tentative issues those proposed by contestants numbered IV and XIV. These state factual issues which may be presented by the proof bearing on the testamentary capacity of the testator. The questions of fraud, deceit, misrepresentation and concealment, of duress and of undue influence, now stated in framed issues numbered VI and XIII, should be posed by three separately framed issues as to the purported will and three separately framed issues as to the purported codicil. This will make possible appellate review of the jury's determination on these questions (Seaman v. McLaury, 142 App. Div. 547; Rosenstock v. Metzger, 136 App. Div. 620). There should be omitted from these framed issues any reference to persons, specified or unspecified, as perpetrators of the restraints. To make clear that the matter is being referred to Supreme Court only for jury trial of the factual issues as authorized by SPCA 502 (subd. 7) there should be eliminated from the final ordering paragraph the words "for the determination of all matters and issues involved therein" and there should be substituted therefor the words "for a trial in accordance with this order." (Appeals from order of Chautauqua County Sur-

rogate framing issues and directing trial.) Present — Goldman, P. J., **Del Vecchio**, Witmer, Moule and Simons, JJ.